## KENT *versus* BONZEY.

In an action of slander, that a *recantation* of the slanderous charge may be admissible in evidence, in mitigation of damages; —

*It* should be made in public, or in a mode to qualify the slander; or it should be made known to the party falsely charged, or to those who had been apprised of it; —

A retraction in the defendant's family *merely*, would not be such a recantation as would avail him.

An *unlawful* intermeddling with the defendant, or an *unlawful* attempt to search his person, will not authorize him to suppose such person may have taken his money, or excuse him for uttering such a charge.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

SLANDER, for accusing the plaintiff and one Redman of robbing him of three or four hundred dollars on Sept. 24,

1851. "One of them held him and the other put his hand in his pocket and took the money out."

The defamatory words were proved. In the course of the defence, the defendant offered to prove by his son-in-law, that a day or two after the defendant was discharged from the jail, he, in the presence of his own family, retracted the charge, and said he lost the money, but accused nobody of taking it.

This testimony was objected to and excluded.

The defendant's counsel put in a copy of a warrant for search for spirituous and intoxicating liquors on the premises of the defendant, dated Sept. 23, 1851, and by the return of one Redman thereon, it appeared that intoxicating liquors were there found, the defendant arrested, tried before a magistrate and convicted, on Sept. 24th, of keeping such liquors for unlawful sale.

A physician was called by the defendant, who testified, that he was called to see him in jail, Sept. 24, 1851, and found his pulse at 100 and the man in a state of excessive excitement, and that he complained of being hurt. The next morning he was better, but still much excited. He also testified, that in January, 1853, in an office in Ellsworth, in the presence of five or six, the son of defendant asked the plaintiff if Redman, (who had also sued Bonzey for slander,) should recover one thousand dollars, whether or not he, (plaintiff,) would be satisfied to take a part of it. Kent said he did'nt know, "I had the hardest of it, I held him, while Redman robbed him or searched him."

There was also testimony that $300 were paid to defendant on Sept. 23, 1851. Other evidence was in the case, not material to an understanding of the exceptions.

The Judge instructed the jury, that if the defendant had money on his person and lost it, and the plaintiff or the officer laid hands upon him and searched him, or attempted to search him, and he was thereby induced to believe, and did believe, that they, or either of them had taken his money, that the defendant would be excused for making the charge

alleged in the writ, and the plaintiff could not prevail in this action.

The defendant requested the presiding Judge to instruct the jury : —

1st. *That,* if they believe that the plaintiff or the officer with whom, and under whose authority he acted, approached the defendant in jail, and laid hands upon his person, this was an unlawful act, and was such occasion to the defendant as would excuse him for any words spoken, which would otherwise be slanderous.

2d. *That,* if they believe that Kent, or the officer Redman, or both, made an attempt to search defendant's person for the key, in jail, or if they did search him for the key, then such acts were unlawful acts, and were sufficient to cause the defendant to suppose that the plaintiff may have taken his money, and thus the speaking is excused.

These requested instructions the Judge refused to give in full, but did instruct the jury, that if the plaintiff or the officer approached the defendant and laid hands on him in anger, it was an unlawful act; and that they had no right to search his person; and to do so, or attempt to do so, would be unlawful acts. But whether or not the plaintiff, or the officer did such unlawful acts, or attempted to do them, and whether or not what they did or attempted to do, was the occasion of the defendant's making the charge alleged in the writ, or a sufficient cause for him to have believed that they, or either of them took his money, and whether he did believe so or not, were questions of fact, for the jury to determine from the evidence in the case.

A verdict was returned for plaintiff, and defendant excepted.

*Knowles & Briggs,* in support of exceptions.

*Peters & Wiswall, contra.*

HOWARD, J. — The motion for a new trial is not "upon evidence, as reported by the presiding Justice," and is unsupported upon every ground assumed. (Statute 1852, c.

246, § 8.) So much of it, as is founded upon the alleged newly discovered evidence, was withdrawn at the argument, and has not been presented for consideration.

The fact, that the defendant retracted the slanderous charge, in the presence of his own family, which he offered to prove by his son-in-law, was not of such character as to render it admissible in mitigation of damages. It was not made in public, or in a manner to qualify the slander previously published; nor does it appear that the retraction was ever communicated to the plaintiff, or to any person who had been apprized of the slander. It was. not, in any just sense, a recantation or withdrawal of the calumnious·charge, and the evidence offered was properly excluded. 2 Greenl. Ev. § 275; *Hotchkiss* v. *Oliphant*, 2 Hill, 516.

If the plaintiff, or the officer with him at the time, unlawfully laid hands upon the defendant, or unlawfully attempted to search his person for a key, as the requests assume, such acts would not justify a slanderous charge. Nor would they, as a matter of law, be "sufficient to cause the defendant to suppose that the plaintiff may have taken· his money, and thus the speaking be excused." The requested instructions were therefore properly withheld; and those given were favorable to the defendant, and are not subject to his exceptions. *Exceptions and motion overruled.*

*Judgment on the verdict.*

Shepley, C. J., and Tenney, J., concurred.